```
Donald P. Sullivan (State Bar No. 191080)
Jessica Peterson (State Bar No. 329740)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: donald.sullivan@jacksonlewis.com
E-mail: jessica.peterson@jacksonlewis.com
```

Attorneys for Defendants
KENTFIELD REHABILITATION
HOSPITAL FOUNDATION; 1125 SIR
FRANCIS DRAKE BOULEVARD
OPERATING COMPANY, LLC; and
VIBRA HEALTHCARE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL MICHAELI, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KENTFIELD REHABILITATION HOSPITAL FOUNDATION, a California Corporation; 1125 SIR FRANCIS DRAKE BOULEVARD OPERATING COMPANY, LLC, a Delaware corporation; VIBRA HEALTHCARE, LLC; a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br><br>Complaint Filed:   02/11/2021<br>Trial Date:           None set |

1

Defendants' Notice of Removal of Civil Action to Federal
Court Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446                                    Case No._____

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants KENTFIELD REHABILITATION HOSPITAL FOUNDATION, a California Corporation; 1125 SIR FRANCIS DRAKE BOULEVARD OPERATING COMPANY, LLC, a Delaware corporation; and VIBRA HEALTHCARE, LLC ("Defendants"), invoke this Court's jurisdiction under 28 U.S.C. § 1331, 1441, and 1446 to remove civil action CIV2100683 ("Action") from the Superior Court of the State of California, in and for the County of Marin, to the United States District Court, Northern District of California, San Francisco Division on the following ground that the Action purports to assert claims arising under laws of the United States (Federal Question). For this reason, the Action is removable to this Court. Defendants state that the foregoing facts were true at the time that the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below:

**I.     TIMELINESS**

Plaintiff Gil Michaeli ("Plaintiff") filed his Complaint for Damages ("Complaint") in the action captioned *Gil Michaeli v. Kentfield Rehabilitation Hospital Foundation, 1125 Sir Francis Drake Boulevard Operating Company, LLC, and Vibra Healthcare, LLC, and DOES 1 through 50, inclusive*, in the Superior Court of the State of California, in and for the County of Marin, on or about February 11, 2021, where the case was assigned case number CIV2100683 ("the Action").

Plaintiff caused the Summons and Complaint to be personally served on Defendant, 1125 Sir Francis Drake Operating Company, LLC on March 25, 2021, through its registered agent for service of process in California. Plaintiff caused the Summons and Complaint to be personally served on Defendant, Kentfield Rehabilitation Hospital Foundation on March 26, 2021, through its registered agent for service of process in California. Plaintiff caused the Summons and Complaint to be personally served on Defendant, Vibra Healthcare, LLC on March 25, 2021, through its registered agent for service of process in California. Attached hereto as **Exhibit A** are true and correct copies of the three Proofs of Service of Summons that Plaintiff filed with the

2

Defendants' Notice of Removal of Civil Action to Federal
Court Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446                                         Case No._____

Superior Court of California, County of Marin.

In compliance with 28 U.S.C. §1446(b), Defendants file this Notice of Removal with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based, namely the Summons and Complaint. Hence, this Removal is timely. *See* 28 U.S.C. §1446(b); *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day removal deadline is triggered by actual service, as opposed to receipt of complaint through other means).

## II.  PROCESS

A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit B**, and a true and correct copy of the Summons is attached hereto as **Exhibit C**. Additionally, attached hereto as **Exhibits D though F** are true and correct copies of the following documents: (1) Civil Case Cover Sheet; (2) Marin County Superior Court Alternative Dispute Resolution Information Sheet; and (3) Notice of Case Management Conference.

A true and correct copy of the Parties' Joint Stipulation to Extend Time to Respond to Plaintiff's Complaint is attached hereto as **Exhibit G**.

Exhibits A through G represent the totality of process and pleadings filed in the Action.

This Notice of Removal is being filed without prejudice to Defendant's objections and defenses to the allegations in Plaintiff's Complaint. Written notice of the filing of this Notice of Removal will be given to all adverse parties and a copy filed with the Clerk of the Superior Court of California, in and for the County of Marin, in accordance with the provisions of 28 U.S.C. §1446(d).

## III.  GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

In his Complaint, Plaintiff alleges that he worked for Defendants and when he applied for employment with them, they performed a background investigation on him. *See* Exhibit C (Complaint, ¶ 23). Plaintiff alleges that he and the putative class were provided non-compliant

3

Defendants' Notice of Removal of Civil Action to Federal
Court Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446                                    Case No._____

disclosure and authorization forms for the background investigation because they contained extraneous and superfluous language which caused the disclosure to fail the "clear and conspicuous" and "clear and accurate" requirements in violation of the Federal Fair Credit and Reporting Act, 15 U.S.C. § 1681b ("FRCA"). *See* Exhibit C (Complaint, ¶ 24).  Specifically, Plaintiff alleges that the disclosure does not comply with the "clear and conspicuous" requirement because (1) the disclosure is not in all capital letters; (2) the disclosure is not in boldface to set off the required disclosure; (3) the disclosure is in part of an employment application and is therefore not a standalone document; and (4) the disclosure describes multi-state law differences which is not a permissible element in an Fair Credit Reporting Act disclosure and reduces clarity as to what rights each applicant or employee possesses. *See* Exhibit C (Complaint, ¶ 24).  Plaintiff further alleges that the disclosure form violates the FCRA because the disclosure failed to identify the consumer reporting agency that would be providing the background information sought or when the background check would be run. *See* Exhibit C (Complaint, ¶ 25). Based on these allegations, Plaintiff has alleged the following one federal cause of action: Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act). *See* Exhibit B (Complaint, ¶¶ 27-46).

For the above-stated reasons, this Court has exclusive jurisdiction over all claims asserted in Plaintiff's Complaint, and removal of this case to this Court is, therefore, proper under 28 U.S.C. § 1331(a).

**IV.   VENUE**

Venue is proper in the United States District Court, Northern District of California, San Francisco Division pursuant to 28 U.S.C. § 1441(b) and Local Rule 3-2(d) because the events alleged in the Complaint occurred in Marin County.

**V.   JOINDER**

All Defendants are parties to this removal to the United States District Court, Northern District of California, San Francisco Division pursuant to 28 U.S.C. § 1446(B)(2)(a) from the Superior Court of the State of California, in and for the County of Marin.  Hence, separate joinders are not necessary.

## VI. CONCLUSION

Defendants pray that the above action now pending against it in the Superior Court of the State of California for the County of Marin be removed to this Court.

Dated: April 26, 2021                                          JACKSON LEWIS P.C.

By: /s/ Donald P. Sullivan
Donald P. Sullivan
Jessica Peterson
Attorneys for Defendants
KENTFIELD REHABILITATION HOSPITAL FOUNDATION; 1125 SIR FRANCIS DRAKE BOULEVARD OPERATING COMPANY, LLC; and VIBRA HEALTHCARE, LLC

4823-3238-9606, v. 2