Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
David Keledjian (SBN 309135)
david@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
GIL MICHAELI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL MICHAELI, on behalf of himself, and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>KENTFIELD REHABILITATION HOSPITAL FOUNDATION, a California Corporation; 1125 SIR FRANCIS DRAKE BOULEVARD OPERATING COMPANY, LLC, a Delaware corporation; VIBRA HEALTHCARE, LLC, a business entity of unknow form; and DOES 1 through 50, inclusive,<br><br>*Defendants*. | Case No.: 3:21-cv-03035-EMC<br><br>[Assigned for all purposes to the Hon. Edward M. Chen]<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date:        July 15, 2021<br>Time:        1:30 p.m.<br>Location:   Courtroom 5, 17th Floor<br><br>Action filed on:       November 4, 2020 |

## I. INTRODUCTION

Despite speculative and conclusory assumptions, Defendant's Opposition has failed to put forth any authority, or argument, satisfying their heavy burden to allow this Court to exercise jurisdiction over the bare procedural claims under the FCRA.[1] The record, pleadings, and binding authority make it abundantly clear that there simply is no Article III standing to allow this case to proceed before this court.

This Court is not required to undergo a fishing expedition in search of subject matter jurisdiction. Rather, a **"concrete" injury must be "*de facto*;" that is, it must actually exist"** and "**plaintiff must clearly allege facts demonstrating each element** (emphasis added)." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 and 1549.

Defendant does not dispute that the FCRA allows for statutory damages in the absence of actual damages. Nor does Defendant dispute the California State Court's concurrent jurisdiction on the claims alleged, as prescribed by the plain language of the FCRA. This Court lacks subject matter jurisdiction over this case as Plaintiff asserts *only procedural violations* and does not assert that he was confused in anyway, or that he incurred any economic or other concrete injury as required for Article III standing and federal court jurisdiction.

Defendant has, in misleading fashion, cut and pieced together various passing references from Plaintiff's complaint to create a façade of federal jurisdiction. Defendant opposes Plaintiff's papers and contends that the bare allegations **assume some concrete injury**. This twisted logic stands in defiance to the United States Supreme Court's clear jurisprudence in *Spokeo*, and all the cases that followed, including this Court. As made clear below, this Court, and this very courtroom, have repeatedly rejected the very flawed reasoning raised by Defendant: mere informational violations of the FCRA do not rise to the requisite level of concrete injury to satisfy Article III standing (*infra*).

As this Courtroom and many other courts have done in this District, this Court should continue to follow the binding authority of the Supreme Court and grant Plaintiff's Motion to Remand.

///

///

---

[1] Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, ("FCRA").

## II. ARGUMENT

### A. The Mere Boilerplate Allegations of Under the FCRA Contain No Facts Supporting Any Basis for Injury Under Article III

Again, it is the burden of the party asserting federal jurisdiction to establish standing exists. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). Moreover, an injury-in-fact requires "an invasion of a legally protected interest which is (a) concrete and particularized …and (b) actual or imminent, **not conjectural or hypothetical**" (emphasis added). *Lujan*, 504 U.S. 555, 560-561 (internal citations omitted). To be concrete, an injury must actually exist.

Applying the principles above, the Supreme Court concluded that , "even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless *may* be entirely accurate" (emphasis added). *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016).

As made clear in Plaintiff's Motion, Plaintiff does not assert any economic or other concrete injury. (Plaintiff Complaint, *passim*.) Where federal jurisdiction is lacking due to lack of Article III standing, **this Court, as well as others, have repeatedly remanded FCRA cases alleging the same procedural violations** (see list of Northern District cases remanding similar procedural claims under the FCRA for lack of Article III standing; ECF No. 11, 5:2-19).

Defendant's gasp for injury is without merit and contrary to well settled authority. Defendant clings to a single boilerplate **statement of the law** included in Plaintiff's complaint, with no mention, reference, or possibility of real or economic harm. "The FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain information, without being weighed down by irrelevant state law references, confusing and contradictory rights summaries, and impermissible references to side documents containing information not set forth in the attempted disclosure.." (Plaintiff's Compliant, ¶26.) Defendant inappropriately stretches this mere legal statement completely out of context in some hopes of conjuring federal jurisdiction.

Defendant's Opposition is based solely on assumptions and flawed deductions of injury, in hopes of filling the gaps which are missing from the allegations of Plaintiff's complaint. Oddly, Defendant admits that Plaintiff's allegations stem merely from the **facial legality** of the disclosures

Defendants were required to provide to Plaintiff and class members, with no concrete harm suffered. Defendant's papers properly recite the scope of the allegations at issue:

> The Complaint asserts one cause of action under the FCRA. Complaint ¶¶ 27-46. Plaintiff's First Cause of Action asserts that Defendants violated the FCRA by allegedly procuring background reports using disclosure and authorization forms that included "extraneous information and are not unambiguous disclosures in standalone documents."

ECF No. 15, Defendants' Opposition, 2:2-16.

This is precisely where Defendant's argument fails as it ignores that **Plaintiff has not alleged that he or class members were confused by the non-compliant disclosures**, which Defendant improperly assumes and asks this Court to hold true. The only hint of actual confusion has come only from Defendant, and not from Plaintiff, as improperly stated.

Defendant relies on a tortured interpretation of key a Ninth Circuit decision in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) to somehow conclude that Plaintiff's bare allegations that Defendant provided disclosure forms that were not wholly compliant with the provisions of the FCRA because these violations involve confusing information. However, such a stretch of the law is in direct opposition to the United States Supreme Court's precedent in *Spokeo*, which held that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, at 1547. Hence, bare allegations of harm that is not "concrete or particularized" and "actual or imminent" are insufficient. *Alvarez v. TransitAmerica Services, Inc.*, No. 5:18-cv-03106-EJD, 2019 WL 4644909, at *3 (N.D. Cal. Sept. 24, 2019).

Specifically, in *Spokeo I* the Supreme Court stated that "Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease the risk and that [plaintiff] cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* Accordingly, a "**concrete**" injury must be "***de facto***", that is, it must actually exist. *Id.* at 1548; *see also Summers v. Earth Island Institute*, 129 S. Ct. 1142 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation…is insufficient to create Article III standing.").

Similarly, here, Defendant contends that there is Article III jurisdiction simply because Plaintiff alleged violations of the FCRA. There is no binding authority to support such an outlandish

position.

In *Mansapit*, this Court expressly rejected the similar arguments being made by Defendants as being insufficient to establish Article III standing. Remanding the FCRA allegations back to the state court, this Court held:

> Courts have largely found such unexplained passing references insufficient to serve as the sort of concrete and particularized harm necessary for Article III standing. And contrary to Defendants' arguments, **the complaint does not contain allegations of confusion, error, or other harm from the alleged violations which might give rise to standing** (emphasis added).

*Mansapit v. Deluxe Corp.*, 19-CV-00790-HSG, 2019 WL 2423423, at *1 (N.D. Cal. June 10, 2019), citing *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017); *Williams v. Nichols Demos, Inc.*, No. 5:17-cv-07101-EJD, 2018 WL 3046507 (N.D. Cal. June 20, 2018);

Furthermore, in *Moore*, this Court held:

> **[Plaintiff's] complaint is devoid of allegations of confusion, error, or other harm from the alleged violations that might give rise to standing**. Rather, Moore alleges only bare procedural violations, which are insufficient. . Nor has [defendant] presented allegations or evidence in its removal papers or its opposition to remand that [plaintiff] suffered an actual injury relating to the background check.

*Moore v. United Parcel Serv., Inc.,* 18-CV-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019), citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) and *Williams v. Nichols Demos, Inc.*, No. 5:17-cv-07101-EJD, 2018 WL 3046507 (N.D. Cal. June 20, 2018); See also *Orpilla v. Schenker, Inc.*, 19-CV-08392-BLF, 2020 WL 2395002, at *1 (N.D. Cal. May 12, 2020); *Lee v. Hertz Corporation*, 15-cv-04562-BLF 2016 WL 7034060 *6 (N.D. Cal. 2016).

As the necessary allegations can be found nowhere within Plaintiff's complaint, this case must be remanded for lack of Article III standing.

## B. The Ninth Circuit has Been Clear that "Damages" Under the FCRA are Merely Statutory Penalties, Which Do Not Give Rise to Article III Standing

Fatal to Defendant's argument, the "damages" sought in Plaintiff's complaint are merely pled synonymously with the statutory penalties at issue, with no mention, or basis to assume, that any economic or concrete injury has been suffered. As Defendant has failed to show the existence of any actual injury, it has failed to meet its heavy burden to establish Article III standing, and the respective jurisdiction of this Court.

Plaintiff agrees that various violations under the broad reach of the FCRA *can* give rise to Article III standing. Given the breadth of the FCRA, Plaintiff has deliberately narrowed his claims to procedural violations in "furnishing and using consumer reports for employment purposes" which do not allege, nor can give rise to, economic harm or injury-in-fact. (FCRA, Subsection 1681b(b)(2)(A); Plaintiff's Complaint, ¶32.)

Defendant can point to no language of the complaint where the requisite injury is alleged. Instead Defendant clings to the term "damages" to dissuade this court from following the binding authority under the Supreme Court. However, upon a showing of willfulness, the FCRA allows for the recovery of **either** "actual damages sustained by the consumer reporting agency **or** $1,000 (emphasis added)." 15 U.S.C.A. § 1681n (West). The Ninth Circuit has held that these two modes of recovery are not only exclusive of one another, but that the penalties themselves were intended to serve as compensatory damages.

> Although the congressional record is silent about why Congress provided for statutory damages in these amounts, **we presume that the statutory damages serve a compensatory function**. That Congress provided a consumer the option of recovering **either actual or statutory damages, but not both**, supports the presumption that they serve the same purpose.

*Bateman v. Am. Multi-Cinema, Inc.,* 623 F.3d 708, 718 (9th Cir. 2010)

To make matters clearer, the Ninth Circuit has already established that in order to satisfy Article III standing for FCRA claims, the plaintiff must allege that he was (1) "confused by the inclusion of the references to state law and the liability waiver on the authorization form, and (2) would not have signed it had it contained a sufficiently clear disclosure." *Ruiz v. Shamrock Foods Co.,* 804 Fed. Appx. 657, 659 (9th Cir. 2020)(unpublished), citing *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017); see also see also *Moore and Masapit, supra.*

Again, no such allegations appear in Plaintiff complaint, nor can they be inferred in any way. Plaintiff does not allege they either he or class members were in any way confused by Defendant's violations of the FCRA. As the Parties agree, the claims are merely procedural, seeking only statutory penalties, there can be no basis for federal jurisdiction in this matter.

As Defendant can make no showing of injury-in-fact under the heightened standard of both the Supreme Court and the Ninth Circuit, they have failed to meet their burden ins establishing subject

matter jurisdiction, and this case must be remanded back to state court.

**III. CONCLUSION**

For the reasons above, this Action must be remanded back to the Marin County Superior Court.

DATED: June 23, 2021                    SETAREH LAW GROUP


                                        */s/ Shaun Setareh*
                                        SHAUN SETAREH
                                        DAVID KELEDJIAN
                                        Attorneys for Plaintiff
                                        GIL MICHAELI

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, a true and correct copy of the foregoing document was filed via the Court's CM/ECF filing system and a copy was delivered via the same on all attorneys of record.

DATED: June 23, 2021          SETAREH LAW GROUP

*/s/ Shaun Setareh*
SHAUN SETAREH
Attorneys for Plaintiff
GIL MICHAELI